IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **WM RECYCLE AMERICA LLC,**<br>1001 Fannin Street, Suite 1001<br>Houston, TX  77002,<br><br>**WHEELABRATOR BALTIMORE, L.P.,**<br>1801 Annapolis Road<br>Baltimore, MD  21231,<br><br>**WHEELABRATOR BALTIMORE, L.L.C.,**<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD  21093,<br><br>**WASTE MANAGEMENT OF MARYLAND, INC.,**<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD  21093,<br><br>**WASTE MANAGEMENT DISPOSAL SERVICES OF MARYLAND, INC.,**<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD  21093,<br><br>**WASTE MANAGEMENT NATIONAL SERVICES, INC.,**<br>1001 Fannin Street, Suite 4000<br>Houston, TX  77002,<br><br>and<br><br>**WHEELABRATOR TECHNOLOGIES, INC.,**<br>100 Arboretum Dr., #310<br>Portsmouth, NH  03801<br><br>**Plaintiffs,**<br><br>v.<br><br>**GREAT DIVIDE INSURANCE COMPANY,**<br>7233 East Butherus Drive<br>Scottsdale, AZ  85260, | Civil Action No. _____<br><br><br><br>Related Case:  No. CCB-17-3711 |

| | |
|---|---|
| **and** | |
| **NAUTILUS INSURANCE COMPANY,**<br>7233 East Butherus Drive<br>Scottsdale, AZ  85260, | )<br>)<br>)<br>) |
| **Defendants,** | )<br>) |
| **and** | )<br>) |
| **AMWINS PROGRAM UNDERWRITERS, INC.,**<br>214 Senate Avenue, Suite 201<br>Camp Hill, PA  17001, | )<br>)<br>)<br>) |
| **and** | )<br>) |
| **MARTENS-JOHNSON INSURANCE AGENCY,**<br>6227 Executive Boulevard<br>Rockville, MD  20852, | )<br>)<br>)<br>) |
| **Former Defendants.** | )<br>) |

## SECOND NOTICE OF REMOVAL

Defendants Great Divide Insurance Company ("Great Divide") and Nautilus Insurance Company ("Nautilus") (collectively the "Insurer Defendants"), by and through their attorneys, Bonner Kiernan Trebach & Crociata, LLP, and, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove for a second time the above-entitled action from the Circuit Court for Baltimore City, Maryland, to the United States District Court for the District of Maryland, Northern Division. In further support of their Notice of Removal, the Insurer Defendants state briefly as follows:

### Introduction

For all the following reasons, removal of this previously remanded action in Civil Action No. CCB-17-3711 is now appropriate, and in compliance with all statutory requirements.

<u>First</u>, for lack of ripeness, Plaintiffs' claims against previously joined non-diverse

defendant, insurance broker Martens-Johnson Insurance Agency ("Martens-Johnson"), and the other Broker Defendant, AmWins Program Underwriters, Inc. ("AmWins"), were dismissed without prejudice by an October 3, 2018 Order of the Baltimore City Circuit Court (Attachment A hereto). Because the Broker Defendants are no longer parties, all Plaintiffs herein are diverse from all remaining Defendants herein.

Second, undersigned counsel for the Insurer Defendants are authorized by counsel for Plaintiffs to state that Plaintiffs do not and will not object to removal of the remaining coverage action to this Court or seek its remand.

### Proper Parties and Timing

1. Plaintiffs filed the Complaint in this action on the 18th day of October 2017, as Case No. 24-C-17-005056 CIV in the Circuit Court of Maryland for Baltimore City. (Attachment B hereto.) Insurer Defendant Great Divide was served with the Complaint on or after November 15, 2017. (Attachment C hereto.) Upon information and belief, Insurer Defendant Nautilus has not been served, but entered its appearance and accepted service as of the date of the original Notice of Removal.

2. Plaintiff WM Recycle America LLC ("WM Recycle America" or "WMRA") is a limited liability company formed under the laws of Delaware with its principal place of business in Houston, Texas. (*See* Att. B hereto, Complaint, ¶ 1.) Upon information and belief, WM Recycle America is a wholly owned subsidiary of Waste Management, Inc. ("WMI"), which upon information and belief is a Delaware corporation with its principal place of business in Houston, Texas.

3. Plaintiff Wheelabrator Baltimore, L.P., is a limited liability partnership formed under the laws of Delaware, with its principal place of business in Maryland. (*See id.*, ¶ 2.)

Upon information and belief, Wheelabrator Baltimore, L.P. is a wholly owned subsidiary of Wheelabrator Technologies, Inc., which is a wholly owned subsidiary of WMI.

4. Plaintiff Wheelabrator Baltimore, LLC, is a limited liability company formed under the laws of Delaware with its principal place of business in Houston, Texas. (*See id.*, ¶ 3.) Upon information and belief, Wheelabrator Baltimore, LLC, is a wholly owned subsidiary of Wheelabrator Technologies, Inc., which is a wholly owned subsidiary of WMI.

5. Plaintiff Waste Management of Maryland, Inc. is a Maryland corporation with its principal place of business in Maryland. (*See id.*, ¶ 4.) Upon information and belief, Waste Management of Maryland, Inc. is a wholly owned subsidiary of WMI.

6. Plaintiff Waste Management Disposal Services of Maryland, Inc. is a Maryland corporation with its principal place of business in Maryland. (*See id.*, ¶ 5.) Upon information and belief, Waste Management Disposal Services of Maryland, Inc. is a wholly owned subsidiary of WMI.

7. Plaintiff Waste Management National Services, Inc. is a Maryland corporation with its principal place of business in Texas. (*See id.*, ¶ 6.) Upon information and belief, Waste Management National Services, Inc. is a wholly owned subsidiary of WMI.

8. Plaintiff Wheelabrator Technologies, Inc. is a Delaware corporation with its principal place of business in New Hampshire. (*See id.*, ¶ 7.) Upon information and belief, Wheelabrator Technologies, Inc.is a wholly owned subsidiary of WMI.

9. Thus, at the time of the commencement of this action, the seven (7) Plaintiffs – all wholly owned subsidiaries of Waste Management, Inc. ("WMI") – as well as WMI itself were citizens of Maryland, Delaware, New Hampshire, and Texas, for purposes of diversity of citizenship under 28 U.S.C. § 1332. (*See id.*, ¶¶ 1-8.)

10. Insurer Defendant Great Divide is a North Dakota corporation with its principal place of business in Arizona, and Insurer Defendant Nautilus is an Arizona corporation with its principal place of business in Arizona.

11. Therefore, the Insurer Defendants are citizens of North Dakota and Arizona, for purposes of diversity of citizenship under 28 U.S.C. § 1332.

12. The court paper upon which the right to and timeliness of this Second Notice of Removal is based is the October 3, 2018 Order submitted herewith as Att. A, which was entered by the Circuit Court and received by the Insurer Defendants less than 30 days before the filing of this Second Notice of Removal.

## Nature of Underlying Tort Action

13. The seven (7) Plaintiffs herein are each defendants in the underlying personal-injury suit styled as *Thomas v. Baltimore Refuse Energy Systems Co. ("BRESCO") et al.*, Case No. 24-C-17-003470 MT in the Circuit Court for Baltimore City, Maryland, brought by Andre L. Thomas ("Thomas"), a citizen of Maryland, seeking damages in excess of $75,000, exclusive of interest and costs therein.[1] (*See* Ex. A to Attachment A hereto (the "Thomas Suit" and "Thomas Complaint").") The underlying case was originally filed as Case No. 24-C-14-006144OT in the same state court, but thereafter was dismissed without prejudice and refiled in 2017 with essentially the same allegations.

14. The claims of Plaintiff Thomas in the Thomas Suit were recently settled for an amount in excess of $75,000 and Plaintiffs allege herein that they have incurred more than $75,000 in attorney fees and costs for the defense of the Thomas Suit.

---

[1] In addition to Plaintiffs herein, the Thomas Complaint also names BRESCO, Wheelabrator Baltimore, Inc. and Waste Management Services, Inc. as defendants. Upon information and belief, those three entities are wholly owned subsidiaries of Plaintiff Wheelabrator Technologies, Inc. and/or WMI.

5

15. The Thomas Complaint alleged that Mr. Thomas was injured at a BRESCO facility in Baltimore while working as a truck driver delivering bailed trash for BRESCO's use or disposal (the "Occurrence"), and that his injury proximately resulted from negligence by BRESCO and the other WMI subsidiaries named as defendants therein.

16. At the time of the Occurrence, Mr. Thomas was an employee of TAC Transport, LLC ("TAC"), a now-defunct entity that was a citizen of Maryland. At that time, TAC was subcontracted by Plaintiff WM Recycle America to provide bulk waste-hauling services under a Project or Short Duration Transportation Services Agreement (the "WMRA-TAC Agreement"). (*See* Ex. B to Attachment A hereto.)

17. Because the underlying Thomas Suit sought – and was settled for – an amount in excess of $75,000, and because Plaintiffs herein allege that they have incurred more than $75,000 in attorney's fees and costs (*see* Attachment A hereto, ¶ 13), and because the insurance policies at issue in this action afford certain coverage subject to liability limits of $1,000,000 (the Great Divide Policies) or more (the Nautilus Policy) (*see* Ex. C & D to Attachment A hereto), the amount in controversy in the instant action for a declaratory judgment and damages exceeds the diversity jurisdictional threshold of $75,000.

18. In the instant Complaint (Att. B hereto), Plaintiffs seek damages and declaratory relief from the Insurer Defendants, regarding (a) an alleged duty to defend them in the Thomas Suit and/or reimburse them for defense expenses therein and (b) an alleged duty to indemnify them for the recently reported settlement of the Thomas Suit.

19. In the Thomas Suit, Plaintiffs herein – as the defendants there – filed a Third-Party Complaint against TAC, the former employer of Mr. Thomas, claiming among other things that TAC will owe Plaintiffs herein contractual indemnity for some or all of the costs of

defending and resolving the Thomas Suit.

20. Before the original Thomas Suit settled, the Circuit Court for Baltimore City dismissed the contractual indemnity count of the aforementioned Third-Party Complaint, with prejudice, and Plaintiffs reportedly indent to appeal the dismissal of their Third-Party Complaint in that regard.

21. As a result, a third issue that this case may need to resolve is the extent to which the Insurer Defendants owe TAC coverage under the same policies for any judgment entered against TAC if dismissal of the contractual indemnity claim in the aforesaid Third-Party Complaint is not affirmed.

## Basis for Diversity Jurisdiction and Removal

22. As shown above, the seven (7) Plaintiffs (*see* ¶¶ 2-9, *supra*) are entirely diverse in citizenship from the Insurer Defendants (*see* ¶¶ 10-11) under 28 U.S.C. § 1332.

23. As set forth in paragraph 15, *supra*, the amount in controversy exceeds $75,000, exclusive of interest and any attorney's fees or costs in this action.

24. Therefore, diversity jurisdiction under 28 U.S.C. § 1332 is appropriate now that the claims against the Broker Defendants have been dismissed without prejudice as unripe and Plaintiffs will not pursue any appeal of that dismissal in this action.

25. As set forth in paragraphs 10 and 11, *supra*, neither Insurer Defendant has citizenship in Maryland for purposes of removal jurisdiction under 28 U.S.C. § 1441(b)(2).

26. Therefore, there is no impediment to removal jurisdiction as between Plaintiffs and the Insurer Defendants.

27. Because this Notice of Removal is being filed on or before October 18, 2018, removal is timely notwithstanding any potentially applicable limitation under 28 U.S.C.

§ 1446(c)(3)(B).

## Notice to State Court Clerk and All Other Parties

28. Please also take notice that the Insurer Defendants, upon filing this Notice of Removal with the office of the Clerk of the United States District Court for District of Maryland, Baltimore Division, thereafter promptly filed copies of this Notice of Removal with the Clerk of the Circuit Court for Baltimore City to effect removal pursuant to 28 U.S.C. § 1446(d). This Notice of Removal is signed and filed pursuant to Fed. R. Civ. P. Rule 11.

\*     \*     \*

WHEREFORE, Defendants Great Divide Insurance Company and Nautilus Insurance Company respectfully hereby remove this action in its entirety to the United States District Court for the District of Maryland, Northern Division.

Dated: October 18, 2018

    Respectfully submitted,

    **BONNER KIERNAN TREBACH & CROCIATA, LLP**

    _/s/ Andrew Butz_
    Andrew Butz, Esquire
     D. Md. Bar No. 25891
    William H. White Jr., Esq.
     D. Md. Bar No. 13969
    Bonner Kiernan Trebach & Crociata, LLP
    1233 20th Street, N.W., Suite 800
    Washington, DC 20036
    Telephone (202) 712-7000
    Facsimile (202) 712-7100
    abutz@bonnerkiernan.com
    wwhite@bonnerkiernan.com

    _Counsel for Defendants Great Divide Insurance Company_
     _and Nautilus Insurance Company_

**CERTIFICATE OF STATE-COURT FILING AND SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was, this 18th day of October 2018, served by overnight courier, postage prepaid, upon the Clerk of the Court, Circuit Court of Maryland for Baltimore City, at

Clerk of the Court
Circuit Court for Baltimore City
Civil Division, Room 462
Courthouse East
111 North Calvert Street
Baltimore, MD  21202

and that the same was served by first-class U.S. Mail, postage prepaid, and electronic mail upon:

Stephen S. McCloskey, Esq.
Eric M. Leppo, Esq.
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland  21201
*Counsel for Plaintiffs WM Recycle America LLC et al.*

Pamela A. Bresnahan, Esq.
Adam J. Singer, Esq.
Vorys, Sater, Seymour and Pease LLP
1909 K Street, NW, Suite 9000
Washington, D.C.  20006
pabresnahan@vorys.com
ajsinger@vorys.com
*Counsel for former Defendant AmWins Program Underwriters, Inc.*

and

John T. May, Esq.
Jordan Coyne LLP
10509 Judicial Drive, Suite 200
Fairfax, Virginia 22030
jtmay@jocs-law.com
*Counsel for former Defendant Martens-Johnson Insurance Agency*

_____
Andrew Butz, Esq.
  D. Md. Bar No. 25891
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W., Suite 800
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
abutz@bonnerkiernan.com
*Counsel for Defendants Great Divide Insurance Company*
  *and Nautilus Insurance Company*